IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

PAUL WALTERS,

        Plaintiff,

    vs.

OLIN CORPORATION, et al.,

        Defendants.

Case No. 14-cv-1117-SMY-SCW

**MEMORANDUM AND ORDER**

This matter comes before the Court on Plaintiff's Motion to Remand (Doc 8). Also pending before the Court are Defendants' Motion to Dismiss (Doc. 4) and Defendant Olin Corporation's Motion (Doc. 12) for Judgment on the Pleadings as to Count II of Plaintiff's Complaint. For the reasons that follow, the Court GRANTS Plaintiff's Motion to Remand.

Plaintiff originally filed this action in the Circuit Court for the Third Judicial Circuit, Madison County, Illinois. Defendants removed the action (Doc. 2) alleging the "fraudulent joinder" of Lisa Steiner and Frederick Carpenter via "questionable" intentional infliction of emotional distress claims for the purpose of destroying diversity.

Plaintiff alleges in his Complaint that he contracted a tick-borne illness in 2003 that required him to stop actively working for Olin. Complaint ¶ 5-6. In 2006, Walters filed Illinois Workers Compensation and Occupational Diseases claims which were contested by Olin. Complaint ¶ 7-8. After years of litigation, the parties entered into a settlement agreement in June 2012 that was approved by the Illinois Workers' Compensation Commission. Complaint ¶ 8, 12. Of particular importance to this case, the settlement agreement included a provision that, should Plaintiff ever be physically capable of returning to work with Olin, Plaintiff would "be treated no

differently than an individual who returns to work following an accepted or successful workers' compensation claim" and would "maintain[] the same seniority rights as someone who goes out under those terms rather than an individual out on medical leave." Complaint ¶ 14, Settlement Agreement ¶ 6.

After a nine-year absence, Plaintiff attempted to return to work in November 2012 following a release by Plaintiff's physician. Complaint ¶ 5-6, 15-17.  Human Resource personnel for Olin told Plaintiff to return home and wait to be contacted with further instructions. Complaint ¶ 18.  Olin subsequently ordered an independent medical examination for Plaintiff, which resulted in a report that Plaintiff could not return to work without restriction.  Complaint ¶ 19-22.  Plaintiff claims he was effectively terminated when he was not permitted to work in November 2012.  Complaint ¶ 24.

Plaintiff's Motion for Remand relies on 28 U.S.C. § 1445 (c), which prohibits civil actions arising under state workers' compensation laws from removal to federal court.  Because Count II of Plaintiff's Complaint seeks declaratory relief and a judgment pursuant to Section 19(g) of the Illinois Workers' Compensation Act, Plaintiff argues the case must be remanded to state court.  Defendants argue in their Response that "Plaintiff twisted an otherwise straightforward retaliation claim by crafting the bizarre argument in Count II for one reason: to prevent Defendants from removing the retaliation claim to federal court." Response to Motion to Remand, p. 4.  Defendants accuse Plaintiff of "artful pleading" and further claim the Intentional Infliction of Emotional Distress claims (the subject of Defendants' Motion to Dismiss) were included in Plaintiff's Complaint as a type of fraudulent joinder for the sole purpose of destroying diversity and preventing removal to federal court. Olin's Motion for Judgment on the Pleadings is specifically directed to Count II of Plaintiff's Complaint.

2

While Defendants have made substantial efforts and used multiple theories to keep this case in federal court, this Court lacks jurisdiction to consider Defendants' Motions.  Plaintiff expressly brought Count II for enforcement of the settlement agreement pursuant to Section 19(g) of the Illinois Workers' Compensation Act.  Actions brought in state court "arising under the workmen's compensation laws of such State may not be removed to any district court of the United States."  28 U.S.C. § 1445 (c).  Therefore, whether Plaintiff can ultimately prevail on Count II is not a determination this Court can make.

Accordingly, Plaintiff's Motion for Remand is **GRANTED.** The Court ORDERS this case remanded to the Circuit Court for the Third Judicial Circuit, Madison County, Illinois.

**IT IS SO ORDERED.**

**DATE: January 14, 2015**                                        **s/ Staci M. Yandle**
                                                                  **STACI M. YANDLE**
                                                                  **DISTRICT JUDGE**